IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEITHEN DEVON CARTER, )
)
Petitioner, )
)
v. ) Civil Action No. 3:16CV821–HEH
)
VIRGINIA DEPARTMENT OF )
CORRECTIONS, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Keithen Devon Carter, a Virginia state prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Carter challenges his convictions in the Circuit Court of Virginia Beach of two counts of possession of a schedule I or II substance, possession of a firearm by a convicted felon, possession of schedule I or II substance while possessing a firearm, and possession of a concealed weapon. (ECF No. 1, at 2; ECF No. 11–1, at 1–2.) Carter currently has an appeal pending before the Court of Appeals of Virginia. (ECF No. 11, at 2.) Carter has not filed a petition for a writ of habeas corpus with the state courts. (*Id.*) Carter acknowledges that he has not raised any of the claims in his § 2254 Petition with any Virginia court. (ECF No. 13, at 1.) Respondent has moved to dismiss on the ground that Carter failed to exhaust his available state court remedies. For the reasons that follow, the Motion to Dismiss (ECF No. 9) will be granted.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Here, the issues raised by Carter may be resolved either by direct appeal or a state petition for a writ of habeas corpus. Carter fails to demonstrate that any exceptional circumstances warrant the consideration of his federal habeas petition at this time. Accordingly, Carter's § 2254 Petition and the action will be dismissed without prejudice because Carter has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

Accordingly, the Motion to Dismiss (ECF No. 9) will be granted. The action will be dismissed without prejudice. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: MAY 3 2017
Richmond, Virginia